98 F.3d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hugo MACHUCA, Petitioner-Appellant,
v.
Theo WHITE, Warden; John Gillis, Chairman; California
Board of Prison Terms and Paroles; Attorney
General State of California,
Respondents-Appellees.
 No. 95-17038.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 10, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hugo Machuca, a California state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. The district court denied Machuca's petition after concluding that the application of a 1982 California amendment deferring Machuca's parole suitability hearing for two years did not violate the Ex Post Facto Clause. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 
 3
 Machuca contends that the district court erred by determining that California Dep't of Corrections v. Morales, 115 S.Ct. 1597 (1995) foreclosed his contention that the application of the 1982 amendment increased his punishment in violation of the Ex Post Facto Clause.[1] We disagree.
 
 
 4
 In Morales, the Supreme Court rejected an ex post facto challenge to a 1981 California amendment authorizing the parole board to defer parole suitability hearings for up to three years upon a finding that there was no reasonable probability that the prisoner would be deemed suitable in the interim. See id. at 1600. Although the 1981 amendment only applied to indeterminately-sentenced prisoners convicted of more than one homicide, the 1982 amendment broadened its coverage to include all indeterminately-sentenced prisoners convicted of any offense. See id.; compare Cal.Penal Code § 3041.5(b)(2) (1982) with Cal.Penal Code § 3041.5(b)(2)(A) (1983). This is a distinction without a difference. The 1982 amendment, like the 1981 amendment, had no effect on the formal range of prison terms available for covered crimes. See Morales, 115 S.Ct. at 1602. Because the 1982 amendment merely " 'alters the method to be followed' under identical substantive standards," it is not ex post facto. See id. (citing Dobbert v. Florida, 432 U.S. 282, 293-94 (1977)). Moreover, Machuca's ex post facto argument fails because he can demonstrate no more than a "speculative and attenuated possibility" that his punishment has been increased. See id. at 1603-05; see also Johnson v. Gomez, 92 F.3d 964, 967-68 (9th Cir.1996) (change in parole decisionmaker not ex post fact where petitioner can only speculate he would have been released under law existing at time crime committed).[2]
 
 
 5
 Because we affirm the denial of relief under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 At the time Machuca committed second degree murder, California law provided for annual parole suitability hearings for prisoners sentenced to indeterminate terms. See Cal.Penal Code § 3041.5 (1978)
 
 
 [2]
 Because we reject Machuca's ex post facto claim, we need not decide: (1) whether Machuca's ex post facto claim was mooted by the subsequent two-year deferral at his 1994 parole suitability hearing; (2) whether Machuca's objections to the Magistrate Judge's report and recommendations were timely filed; and (3) whether Machuca is in fact represented by counsel in this appeal. Additionally, Respondents' Motion to Strike Petitioner's Exhibits and Motion to Strike Petitioner's Briefing are denied